IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SIERRA CLUB, NATIONAL PARKS )
CONSERVATION ASSOCIATION, )
GROUP AGAINST SMOG AND )
POLLUTION, and )
CHESAPEAKE BAY FOUNDATION, )
)
    Plaintiffs, )
)
v. ) Civil Action No. 08-293 (closed)
)
WELLINGTON DEVELOPMENT- )
WVDT, LLC, )
)
    Defendant. )

## OPINION & ORDER

COHILL, D.J.

This citizens' suit action, which was brought under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7604(a)(1) and (a)(3), involved a challenge to a permit to construct a coal-fired power plant in Nemacolin, Greene County, Pennsylvania. Defendant is Wellington Development-WVDT, LLC ("Wellington"). Plaintiffs are Sierra Club, National Parks Conservation Association ("NPCA"), Group Against Smog and Pollution ("GASP"), and Chesapeake Bay Foundation ("CBF").

On May 13, 2008, two and one half months after the filing of the complaint, we granted Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We agreed with the Defendant that this action was in large part a collateral attack on PADEP's determinations that the construction was timely commenced. We dismissed the case without prejudice.

Presently before the Court is Defendant's Motion for Attorneys' Fees and Costs (Doc. 38) and Amended Motion for Attorney Fees and Costs (Doc. 41), and plaintiff's opposition thereto. Wellington seeks attorneys' fees and costs in the amount of $261,314.61. The citizens' suit

1

provision of the Clean Air Act is found at 42 U.S.C. § 7604(d), which provides, in relevant part, that the Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." When a dismissal for want of jurisdiction forecloses a plaintiff's claim, the defendant is the prevailing party. Citizens for a Better Env't v. Steel Co., 230 F.3d 923, 930 (7th Cir. 2000.

The purpose of the citizens suit provision of the Clean Air Act is to promote private enforcement of environmental laws. Such suits are fundamental to the effective enforcement of environmental legislation; we recognize that freely awarding attorneys' fees to defendants may have a chilling effect on actions brought to vindicate citizen rights. Thus, as the Supreme Court instructed in Christianberg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978), we will "resist the understandable urge to engage in post hoc reasoning by concluding that, because the plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."

Rather, we must determine the suit was "frivolous, groundless, pursued in bad faith, or maintained after its baselessness became apparent." Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 930-31 (7th Cir.2000). In Consolidated Edison Company of New York, Inc. v. Realty Investments Associates, L.P., 524 F. Supp. 150 (S.D. N.Y. 1981), the court noted as follows:

> While 42 U.S.C. § 7604(d) does not make any distinction between the award of attorneys' fees to plaintiffs and to defendants, it is manifest that defendants face a substantially more difficult course in obtaining their counsel fees than do similarly situated plaintiffs. Since Section 7604(d) evidences a Congressional determination that private suits are to be a significant aspect of assuring compliance with the Clean Air Act, the courts have shown no reluctance to award attorneys' fees to deserving plaintiffs. Section 7604(d) thus constitutes a purposeful departure from the common law rule requiring each party to bear its own counsel fees. Congress' design of encouraging citizen suits would be substantially frustrated were Section 7604(d) read to permit prevailing defendants to recover attorneys' fees with the same relative ease that successful plaintiffs enjoy. In fact, the legislative history . . . . makes clear that prevailing defendants may recover fees under Section 7604(d) only where the action may be fairly characterized as frivolous or harassing.
>
> Of course, while a defendant seeking attorneys' fees under Section 7604(d) may succeed only where the action was objectively frivolous, there is no requirement that the Court find that the action was brought in subjective bad faith. The latter, more difficult, standard would render Section 7604(d) meaningless,

2

> adding nothing to the common law rule authorizing an assessment of attorneys' fees against a party that has proceeded in bad faith.

Id. at 152-53. This action does not fall within the type of case for which defendants may be awarded fees. We cannot say that the plaintiff's complaint was frivolous, groundless, pursued in bad faith, or maintained after its baselessness became apparent. The record reflects plaintiffs had a reasonable basis for believing that Wellington had not commenced a "continuous program" of construction on its plant, and that its permit had therefore expired, including evidence in the form of PADEP's inspection reports and aerial photographs of the site. Moreover, no binding legal authority has rejected plaintiff's argument that a permittee does not commence construction under the CAA unless it constructs multiple permanent structures on an ongoing basis over an extended period of time. Plaintiff cited federal court decisions wherein the courts have ruled that state determinations of permit validity or invalidity do not preclude citizen suits under federal environmental statutes.

For these reasons, we will deny the request for attorneys' fees and costs. Having made said determination, we will not address the reasonableness of the fees and costs requested.

AND NOW, to-wit, this _____ day of October, 2008, it is hereby ORDERED ADJUDGED AND DECREED THAT Defendant's Motion for Attorneys' Fees and Costs (Doc. 38) and Amended Motion for Attorney Fees and Costs (Doc. 41) be and the same hereby are DENIED.

October 22, 2008
Date

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

3